# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:09-cr-00023-MR-DLH-10

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **PERRY ROGER SHIPPY.** | ) | |

**THIS MATTER** is before the Court upon the Defendant's "Motion for Reduction of Sentence Based on Application of Retroactive Applicable Amendment" [Doc. 356].

On July 9, 2009, the Defendant was found guilty by a jury of one count of conspiracy to possess with intent to distribute less than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One), and one count of using a communication facility in facilitating such conspiracy, in violation of 21 U.S.C. § 843(b) (Count Two). [Doc. 173]. On August 25, 2009, the Defendant was sentenced to a term of 120 months' imprisonment as to Count One and a term of 96 months' imprisonment as to Count Two, to run concurrently. [Doc. 193]. The Fourth Circuit Court of Appeals subsequently affirmed the Defendant's conviction and sentence. United States v. Shippy, 471 F. App'x 172 (4th Cir. 2012). The United

States Supreme Court denied the Defendant's petition for a writ of certiorari on October 1, 2012.  <u>Shippy v. United States</u>, 133 S.Ct. 351 (2012).

The Defendant, proceeding *pro se,* now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment *706* to the Sentencing Guidelines with regard to crack cocaine offenses.  [Doc. 356].

The Defendant's motion must be denied.  Amendment 706 changed the sentencing guideline for the Defendant's charge, effective November 1, 2007, reducing by two levels the base offense level for offenses involving cocaine base. U.S.S.G. § 1B1.10(c) (as amended by Amendment 706, effective November 1, 2007). Because this amendment was enacted prior to the Defendant's sentencing, the Defendant has already received the benefit of Amendment 706.

To the extent that the Defendant's motion can be construed as seeking relief under Amendment 750 (effective November 1, 2011), the Defendant still is not entitled to relief.  Under the amended Sentencing Guidelines, specifically U.S.S.G. § 2D1.1, the Defendant's statutory mandatory minimum term of imprisonment and applicable Guideline term was 120 months' imprisonment, the same Guideline term that applied before Amendment 750.

For the foregoing reasons, the Court concludes that the Defendant is not eligible for a reduced sentence under § 3582(c)(2).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion [Doc. 356] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 28, 2014

Martin Reidinger
United States District Judge